# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

GRACIELA ORNELAS,

       Plaintiff,

   -vs-                                                                                                                         No. CIV 98-0418 JC/JHG (ACE)

REGENTS OF THE UNIVERSITY OF
NEW MEXICO, DEBORAH RIFENBARY, Ed.D.,
and WILLIAM FISHBURN, Ed.D.,

       Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Defendants' Motion for Summary Judgment, filed December 9, 1998 *(Doc. 26)*. The Court has reviewed the motion, the memoranda and exhibits submitted by the parties, and the relevant authorities. The Court finds that Defendants' Motion for Summary Judgment is well taken in part, and will be granted in part.

**I.**     **Background**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 and the Constitutions of the United States and New Mexico. Plaintiff's complaint alleges that the defendants violated her rights under the First and Fourteenth Amendments of the Constitution of the United States and Art. II, §§ 4, 17, 18, and 23 of the Constitution of the State of New Mexico. *See* Verified Petition for Removal *(Doc. 1),* Ex. A ("Complaint") at ¶¶ 36, 44, 53. Plaintiff alleges that Defendants Rifenbary and Fishburn violated her rights to free speech and association, procedural due process, and

equal protection when they dismissed Plaintiff from an internship class in January 1997. *See* Complaint ¶¶ 36-38, 44-49, & Part D. Plaintiff seeks injunctive relief as well as damages.

## II  Standard of Review

Defendants' Motion for Summary Judgment seeks dismissal of all § 1983 claims against the Regents of the University of New Mexico on the grounds that the University of New Mexico is an "arm of the state" and therefore is not a "person" for the purposes of 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). Defendants' motion also seeks summary judgment on Plaintiff's First Amendment, due process and equal protection claims. Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The nonmoving party must identify specific facts in the interrogatories, affidavits, depositions and other evidence that would indicate a genuine issue for trial in order to withstand a summary judgment motion. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). To establish a genuine issue of material fact, the proffered evidence must be sufficient, when viewed in the light most favorable to the nonmoving party, for a reasonable jury to return a verdict in favor of the nonmoving party. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 238 (1986).

## III.  Analysis

As a preliminary matter, I will defer ruling on Plaintiff's request for a preliminary injunction. It appears likely that the parties will be able to reach an agreement within the next week or two that

will enable Plaintiff to complete her internship. If the parties reach an agreement, this issue will become moot.

      **A.    Plaintiff's Claims Against the Regents
of the University of New Mexico**

Claims for damages under 42 U.S.C. § 1983 against a state or state agency do not abrogate a state's Eleventh Amendment immunity because a state is not a "person" subject to liability under that statute. *See Will,* 491 U.S. at 71. Further, claims brought against state officials in their official capacity are no different than those brought against the State itself. *Se id.* However, a state official sued in his or her official capacity for prospective injunctive relief is a person under 42 U.S.C. § 1983 because "official-capacity actions for prospective relief are not treated as actions against the State." *See id.* at 71 n.10 (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985)).

On at least three separate occasions, the Tenth Circuit Court of Appeals found that the Boards of Regents of three state universities were "arms of the state" for purposes of Eleventh Amendment immunity. *See Mascheroni v. Board of Regents of the Univ. of Cal.*, 28 F.3d 1554, 1559 (10th Cir. 1994) (concluding that "the Board of Regents is clothed with Eleventh Amendment immunity"); *Seibert v. University of Okla. Health and Sciences Ctr.,* 867 F.2d 591, 594 (10th Cir. 1989) (finding that the Board of Regents of the University of Oklahoma is an arm of the state); *Korgich v. Regents of N.M. Sch. of Mines*, 582 F.2d 549, 551-52 (10th Cir. 1978) (holding that the Board of Regents is an arm of the state for Eleventh Amendment immunity). The *Korgich* court observed "that New Mexico considers its institutions of higher learning as state agencies and a state function." 582 F.2d at 551. Therefore, all of Plaintiff's claims against the Regents shall be dismissed

as being in essence claims against the state and barred by the Eleventh Amendment. However, Plaintiff's claims seeking only prospective injunctive relief against each of the Regents in their official capacities are still viable. *See Ramirez v. Oklahoma Dep't of Mental Health,* 41 F.3d 584, 589 (10th Cir. 1994) (finding that injunctive relief against a state official acting in an official capacity may be granted to remedy a continuing violation of federal law).

**B**     **First Amendment Claim**

The basic elements of a First Amendment claim, as they apply to a public employee, are enumerated in *Hom v. Squire*, 81 F.3d 969, 974 (10th Cir. 1996):

1) The court must first determine whether the claimant's speech is protected under the First Amendment (citing *Powell v. Gallentine*, 992 F.2d 1088, 1090 (10th Cir. 1993)).

2) A public employee's speech involving matters of public concern is protected (citing *Rankin v. McPherson*, 483 U.S. 378, 384 (1987)).

3) The employee's interest in expression must outweigh the state's interest in providing efficient public services (citing *Pickering v. Board of Educ.*, 391 U.S. 563, 568 (1968)).

4) The plaintiff must show that the protected conduct was a "motivating factor" in the adverse employment decision (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

5) Assuming that the employee proves the above elements, the burden then shifts to the employer to show that it would have reached the same adverse decision absent the protected speech (citing *Powell*, 992 F.2d at 1090).

Defendants argue that Plaintiff's First Amendment claim must fail for two reasons related to the last two elements listed above. First, Defendants assert that Plaintiff has not established a causal connection between her protected speech activities and her removal from the internship class. To establish causation under a First Amendment claim, a plaintiff must show that the protected conduct

was a "substantial or motivating factor" in the adverse decision of the defendant. *See Mt. Healthy City Bd. of Educ.*, 429 U.S. at 287.

Defendants point out the lapse of time between the panel discussion (February 1996) and the letter supporting Cameron (March 1996), and the faculty decision to dismiss Plaintiff on January 21, 1997. They argue that this time lag does not favor an inference of causation between Plaintiff's conduct and Defendants' decision. To support their contention, Defendants cite *Conner v. Schnuck Markets*, 121 F.3d 1390 (10th Cir. 1997), a Fair Labor Standards Act retaliation case. In *Conner*, a four-month delay between an employee's conduct and the employer's adverse action was insufficient to establish an inference of causation. *See id.* at 1395. However, the *Conner* court did not find that the passage of time will defeat an inference of causation, but rather, that a time lag is "insufficient by itself" to support such a claim. *See id.*

In this case, there is evidence that Defendants Rifenbary and Fishburn were angry or upset over the panel discussion and the student support for Cameron's tenure. *See* Cameron Depo. at 14-15, 41-42; Gabaldon Depo. at 28, 30; Fishburn Depo. at 18-19. Gabaldon described a conversation in which Rifenbary accused Gabaldon of speaking "against her" at the panel discussion and writing letters "directly opposing me." *See* Gabaldon Depo. at 26, 28. Gabaldon claims that when she commented to Rifenbary that Ornelas would graduate in May, Rifenbary "screamed" that "Graciela [Ornelas] will never graduate." *See id.* at 30, 31. Cameron testified that during a faculty meeting Rifenbary and Fishburn discussed their concerns about the student panel, and that the discussion at that meeting was "one of the things" that "fed into" the meeting of January 21. *See* Cameron Depo. at 10, 11, 12, 14-15. Plaintiff was dismissed from Defendant Rifenbary's internship class at the January 21 meeting. *See* Plaintiff's Memo in Resp. at 6. Scherer testified

-5-

that the initial discussion of Ornelas at the January 21 meeting "probably" began with Rifenbary "inform[ing] the faculty of Graciela's performance in the class." *See* Scherer Depo. at 7. I conclude that Plaintiff has presented sufficient evidence that, if believed by a jury, could support a finding that the protected conduct was a substantial or motivating factor for her dismissal from the internship.

Defendants claim that even assuming improper motives on the part of Rifenbary and Fishburn, the plaintiff has not demonstrated that those motives played a substantial or motivating factor in bringing about Plaintiff's dismissal. The defendants point out that five faculty members (out of eight) declared that their votes to dismiss Ornelas were not based on Plaintiff's protected conduct. Therefore, Defendants argue that because the majority of faculty members voted for dismissal based on "legitimate grounds," the unanimous vote was a "superseding cause" that effectively broke the causal link between any improper actions of the defendants and the adverse decision.

Plaintiff presents evidence that Rifenbary initiated the discussion of Ornelas' performance at the January meeting. *See* Scherer Depo. at 7. Plaintiff also presents deposition testimony that Rifenbary provided much of the evidence against her at that January meeting. Further, I agree with Plaintiff that the asserted "legitimate reasons" for the dismissal are so vaguely stated (i.e., disruptive and unprofessional behavior) that the Court cannot determine whether they are, in fact, legitimate reasons. The virtually identical affidavits of the five faculty members (Def. Mem., Ex. to Material Fact 18) are not of much use because they do not state what specific factors influenced their votes. For example, a biased presentation by Defendant Rifenbary of Plaintiff's performance as a student might have influenced their votes, or they might have voted with other faculty members out of collegial deference. Assuming improper motives on the part of Rifenbary and Fishburn, it is possible

that a jury could reasonably believe that Defendants influenced the faculty on January 21 to vote for Plaintiff's dismissal by presenting pretextual or inaccurate information regarding her performance as a student. To grant summary judgment in these circumstances would allow the vote of a well-meaning majority to effectively shield an improperly motivated but persuasive defendant.

Given this evidence, a jury might reasonably infer that Rifenbary and Fishburn acted to dismiss Ornelas from the internship class based on her participation on the student panel and her support of Cameron's tenure bid. On the other hand, a jury might also reasonably believe Defendants' assertions that their actions were not based on improper motives. However, determining credibility, weighing evidence, and drawing inferences are jury functions, not those of a judge at summary judgment. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255 (1986).

Finally, Defendants claim that, assuming the absence of protected conduct, Plaintiff would nevertheless have been dismissed from the internship class based on legitimate academic reasons. If the plaintiff establishes that her protected conduct played a "substantial or motivating factor" in the defendants' adverse decision, the burden shifts to the defendants to prove by a preponderance of the evidence that they would have taken the same action regardless of the protected activity. *See Mt. Healthy,* 429 U.S. at 287.

To support their argument that the same action would have been taken in the absence of any protected conduct, Defendants reiterate that Plaintiff was dismissed for legitimate reasons. Once again, Defendants offer few specifics on this point. Plaintiff responds with evidence that she was given credit for completing Rifenbary's class the previous semester, evidence that her request to delay her class presentation was not unreasonable or a major issue, and evidence that all of the other asserted reasons for her dismissal were pretextual. If a jury believes Plaintiff's evidence, it could find

that the asserted reasons were mere pretext. Because there are material issues of fact precluding summary judgment on Plaintiff's First Amendment claim, I will deny Defendants' motion for summary judgment on that claim.

### C. Procedural Due Process Claim

A student's enrollment in a public university's graduate school program is a property interest, and the student is entitled to procedural due process if forced to withdraw. *See Harris v. Blake*, 798 F.2d 419, 422 (10th Cir. 1986). More process is required when the termination is based on disciplinary versus academic grounds. *See Board of Curators v. Horowitz,* 435 U.S. 78, 88-89 (1978).

The parties are disputing whether Plaintiff was dismissed for academic or disciplinary reasons. There appears to be evidence that Plaintiff was given the process that was due if she was removed from the internship for academic reasons, but Plaintiff apparently was not given all of the process that would be due if she was removed for disciplinary reasons. The reasons for dismissal offered by Defendants are ambiguous and are not clearly academic. A genuine issue of material fact must be resolved by a fact-finder, not by this Court on summary judgment. Therefore, I will deny Defendants' motion as to this issue.

### D Equal Protection Claim

In order to prevail on her equal protection claims, Plaintiff must show either that she was treated differently than another similarly situated individual or that discriminatory, malignant animosity caused her to be singled out for punishment. *See Garcia v. State of N.M. Office of Treasurer*, 959 F. Supp. 1426, 1432 (D.N.M. 1997) (citing *Buckley Constr., Inc. v. Shawnee*

*Civic & Cultural Dev. Auth.*, 933 F.2d 853, 859 (10th Cir. 1991) and *Esmail v. Macrane*, 53 F.3d 176, 178-79 (7th Cir. 1995)).

Plaintiff's response memorandum does not present evidence that she was treated differently than other similarly situated individuals because of her ethnicity. Plaintiff presented some evidence that could support a finding that Rifenbary was, in Plaintiff's words, "a bigot." However, Plaintiff does not show that Rifenbary's treatment of Ornelas was due to her ethnicity. In fact, the evidence that Plaintiff presents on her First Amendment claim shows that Rifenbary's treatment of Ornelas resulted from Ornelas' speech.

Neither does Plaintiff present evidence that would establish the special type of equal protection described in *Garcia*, 959 F. Supp. at 1432, where the power of government is selectively brought to bear on an individual because of personal animus. A showing of malignant animosity is only the first element in establishing that type of equal protection violation. *See id.* at 1432-33. Plaintiff must still show that other individuals were treated differently than she was treated. *See id.* Plaintiff has not presented sufficient evidence on this point. Therefore, I will grant summary judgment as to this claim.

## IV.  Conclusion

Wherefore,

**IT IS ORDERED** that Defendants' Motion for Summary Judgment, filed December 9, 1998 *(Doc. 26)* is **granted in part**. Any claims for monetary damages against Defendant Regents of the University of New Mexico or any of the other defendants in their official capacities are dismissed. Summary judgment is granted for all defendants and against Plaintiff as to Plaintiff's equal protection

claims. Plaintiff's First Amendment and Procedural Due Process claims remain, as do her claims against the Regents for prospective injunctive relief.

DATED this 25th day of February, 1999.

*[signature: John Edwards Conway]*
**CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiff: Vernon W. Salvador
Albuquerque, New Mexico

Counsel for Defendants: Kevin M. Brown
Brown & German
Albuquerque, New Mexico