# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

GRACIELA ORNELAS,

    Plaintiff,

  -vs-                                                                                                     No. CIV 98-0418 JC/JHG

REGENTS OF THE UNIVERSITY
OF NEW MEXICO, DEBORAH RIFENBARY,
Ed.D., and WILLIAM FISHBURN, Ed.D.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

        THIS MATTER came on for consideration of Defendants' Motion in Limine to Exclude Certain Issues, Witnesses and Exhibits, filed March 11, 1999 *(Doc. 46)*. The Court has reviewed the motion, the memoranda and exhibits submitted by the parties, and the relevant authorities. The Court finds that Defendants' Motion in Limine is well taken in part, and will be granted in part.

        Defendants' motion seeks to exclude three categories of evidence. First, Defendants seek to exclude any evidence of alleged racial or personal animus toward Plaintiff by any of the defendants on the grounds of relevance. The evidence is relevant to show the motivation of Defendants to deny Plaintiff her constitutional rights and to establish the scienter required to justify an award of punitive damages. Defendants' motion shall be denied as to this issue.

        Second, Defendants seek to exclude testimony by Rommie Compher and Marcella Anzures, as well as a memorandum written by Ms. Compher to Patricia Luna. Defendants object on two grounds: relevance and hearsay. The evidence is relevant to establish motive and to refute

Defendants' claim that the dismissal of Ornelas was for legitimate academic reasons. However, the memorandum contains multiple hearsay (Compher relating what her secretary told her that Defendant Rifenbary said) not within an exception. Therefore, Plaintiff shall not be allowed to present the September 18, 1997 memorandum in its present form.

Defendants seek to limit the testimony of Sandra Gabaldon-Dressel on the grounds of relevance. They also seek to exclude two letters written by Ms. Gabaldon-Dressel. Gabaldon-Dressel's proffered testimony is relevant to show motive and to refute Defendants' position that their actions were taken for legitimate academic reasons. However, the letters written by Ms. Gabaldon-Dressel are hearsay not within an exception.

Wherefore,

**IT IS ORDERED** that Defendants' Motion in Limine to Exclude Certain Issues, Witnesses and Exhibits, filed March 11, 1999 *(Doc. 46)*, is **granted in part**. The September 18, 1997 memorandum of Rommie Compher is excluded as multiple hearsay not within an exception. The August 29, 1997 and September 22, 1997 letters of Ms. Gabaldon-Dressel are excluded as hearsay not within an exception. Ms. Compher, Ms. Anzures and Ms. Gabaldon-Dressel may testify on these matters at trial.

DATED this 26th day of March, 1999.

_/s/ John Edwards Conway_
**CHIEF UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Counsel for Plaintiff: | Vernon Salvador |
| | Albuquerque, New Mexico |
| Counsel for Defendants: | Kevin M. Brown |
| | Brown & German |
| | Albuquerque, New Mexico |